## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MANSI SHAH,  )
280 Savannah Drive,  )
Canton, MI 48187,  )
  )
and  )
  )
MEHUL VAIDYA,  )
280 Savannah Drive,  )
Canton, MI 48187,  )
  )
Plaintiffs,  )
  )
v.  )
  )
JEH JOHNSON, Secretary, U.S.  )
Department of Homeland Security, in  )
his official capacity as well as his  )
successors and assigns,  )
245 Murray Lane, S.W.,  )
Building 410,  )
Washington, D.C.  20528,  )
  )
and  )
  )
ERIC HOLDER, Attorney General of  )
the United States, in his official  )
capacity as well as his successors  )
and assigns,  )
U.S. Department of Justice,  )
950 Pennsylvania Avenue, N.W.,  )
Washington, D.C. 20530,  )
  )
and  )
  )
JAMES B. COMEY, Director,  )
Federal Bureau of Investigation,  )
in his official capacity, as well as his  )
successors and assigns,  )
J. Edgar Hoover Building,  )
935 Pennsylvania Avenue N.W.,  )
Washington, D.C. 20535,  )
  )
and  )
  )
LEON RODRIGUEZ,  Director, U.S.  )
Department of Homeland Security,  )
U.S. Citizenship and Immigration  )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**

**CIVIL ACTION NO. _____**

**ALIEN NUMBERS: A098848167; A098848166**

**AGENCY CASE NUMBERS: WAC1290457032; LIN0608551109**

**REQUEST FOR ORAL ARGUMENT**

Services, in his official capacity, as )
well as his successors and assigns, )
20 Massachusetts Avenue, N.W., )
Washington, D.C. 20529, )
)
   and )
)
ROBERT COWAN, )
Center Director, )
National Benefits Center, )
U.S. Department of Homeland )
Security, )
U.S. Citizenship and Immigration )
Services, in his official capacity as )
well as his successors and assigns, )
850 NW Chipman Road, )
Suite 5000, )
Lee's Summit, MO 64063, )
)
   and )
)
MICHAEL KLINGER, )
Field Office Director, )
Detroit Field Office, )
U.S. Department of Homeland )
Security, )
U.S. Citizenship and Immigration )
Services, in his official capacity as )
well as his successors and assigns, )
11411 East Jefferson Avenue, )
Detroit, MI 48214. )
)
   Defendants. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Mansi Shah ("Plaintiff-wife") and Mehul Vaidya ("Plaintiff-husband"), through

undersigned counsel, allege as follows:

### I. INTRODUCTION

   1.  This civil action seeks to compel unreasonably delayed government action in

regard to the adjudication of the Form I-485 Application for Adjustment of Status ("I-485

Application") to Lawful Permanent Resident ("LPR") properly filed by Plaintiff-wife on January

27, 2006 and the Form I-130 Petition for Alien Relative ("I-130 Petition") properly filed by

Plaintiff-husband on August 6, 2012.  This Application and Petition were filed with and remain in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 Application and I-130 Petition for **more than 3,252 days and 869 days, respectively,** to Plaintiffs' detriment.

2.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act ("INA") (which include I-485 Applications and I-130 Petitions) "should be completed not later than **180 days** after the initial filing of the application...."  8 U.S.C. §1571(b).

3.      The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

4.      This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-485 Application and I-130 Petition.   The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

5.      Plaintiffs have made numerous inquiries with USCIS regarding the delayed adjudication of their I-485 Application and I-130 Petition, without success.  Plaintiffs have not been advised of any specific problem, issue, or question about their filings.  Instead, Plaintiffs have simply been told that their I-485 Application and I-130 Petition were being subjected to further review and that they have to wait, indefinitely, with no deadline for government action.

6.      As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.      This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' I-485 Application and I-130 Petition.

8.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and to adjudicate the subject I-485 Application and I-130 Petition within fourteen (14) days of an Order of this Court.

9.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (INA) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of

4

venue, within the District of Columbia;

c. Defendant Director James B. Comey, is an officer of the DOJ and Director of the Federal Bureau of Investigation ("FBI"), which is headquartered in the District of Columbia. Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Leon Rodriguez is an officer of the DHS and is the Director of USCIS, which is headquartered in the District of Columbia.  Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e. Defendants Robert Cowan and Michael Klinger are officers of the DHS and USCIS. Defendant Cowan is the Director of the National Benefits Center and Defendant Klinger is the Director of the USCIS Detroit Field Office.  Defendants Cowan and Klinger retain jurisdiction over the I-485 Application and I-130 Petition in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

f. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

g. Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C.

12.     Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV.  PARTIES

13.     Plaintiff-husband, Mehul Vaidya, is an adult individual who is a national of India and a naturalized U.S. Citizen.  He resides at 280 Savannah Drive, Canton, MI, 48187.  *See* Affidavit of Mehul Vaidya, dated November 10, 2014, a copy of which is attached and incorporated hereto as Exhibit A.

14.     Plaintiff-wife, Mansi Shah, is an adult individual who is a national of India and resides lawfully in the United States.  She resides at 280 Savannah Drive, Canton, MI, 48187. *See* Affidavit of Mansi Shah, dated November 10, 2014, a copy of which is attached and incorporated hereto as Exhibit B.

15.     Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.   DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16.     Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.   More specifically, Mr. Holder is responsible for

1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

overseeing the timely completion of all requests made by USCIS for security clearances, including screenings by the FBI's NNCP, which is mandated by Executive Order No. 10450. Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530.

17.      James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18.      Leon Rodriguez is the Director of USCIS, who is named herein only in his official capacity, as well as his successors and assigns.   He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS.   USCIS is specifically assigned the adjudication of I-485 Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.      Robert Cowan is the Director of the National Benefits Center of USCIS located at 850 NW Chipman Road, Suite 5000, Lee's Summit, MO 64063 and is named herein only in his official capacity, as well as his successors and assigns. The I-130 Petition in question was properly filed by Plaintiff-husband with the National Benefits Center on August 6, 2012.  *See* Exhibit C.

20.      Michael Klinger is the Director of the Detroit Field Office of USCIS located at 11411 East Jefferson Avenue, Detroit, MI 48214 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Application in question remains pending at the Detroit Field Office.  *See* Exhibit D, Exhibit B.

## V.  STATEMENT OF FACTS

### A.    Process to Become a Lawful Permanent Resident

21.    An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity.  The intending immigrant's actual or potential employer initiates the first two stages.  First, the employer files an Application for Alien Labor Certification, also known as a Labor Certification Application ("LC"), with the U.S. Department of Labor ("DOL").  The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment.  *See* 8 U.S.C. §1182(a)(5)(A).

22.    Second, if DOL grants the LC that has been requested, the employer must then file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL.  The intending immigrant is referred to as the "beneficiary" of the I-140 Petition.  USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.  *See* 8 U.S.C. §§1153(b) and 1154(b).

23.    Third, the intending immigrant files an I-485 Application with USCIS requesting LPR status based on the I-140 Petition.  This may be filed concurrently with the I-140 petition.  *See* 8 C.F.R. §245.2(a)(2)(i).  However, an approved I-140 petition is a prerequisite to the approval of the I-485 Application.  *See* 8 U.S.C. §1255(a).

24.    A spouse of an intending immigrant may also file an I-485 Application to adjust status to become an LPR based on the marital relationship to the intending immigrant.  A spouse's I-485 Application is approved by USCIS based upon "the same status, and the same order of consideration" as the intending immigrant.  8 U.S.C. §1153(d); *see also* 20 C.F.R. §42.32(b)(2). The spouse is normally referred to as the "derivative" beneficiary of the I-140 petition.

25.    An alien residing in the United States may also obtain Lawful Permanent Resident status in the U.S. if there is a qualifying family relationship and he or she is eligible for

adjustment of status.

26.    A United States citizen or lawful permanent resident to whom the alien is related must file a Form I-130 petition on the alien's behalf with USCIS to establish the existence of the qualifying relationship.  8 U.S.C. § 1154(a)(1)(A)(i).  The USCIS shall approve the petition if it determines, after investigating the facts in each case, that the facts stated in the petition are true and the qualifying relationship exists.  8 U.S.C. § 1154(b).

27.    The intending immigrant may file an I-485 application to adjust status to become a Lawful Permanent Resident.  To qualify for adjustment based on family relationship, a visa number must be available to the intending immigrant based on the approved I-130 petition.  8 U.S.C. § 245(a).

**B.    Case History**

28.    On or about January 27, 2006, Plaintiff-husband filed his I-485 Application.  *See* USCIS Form I-797C, Receipt Number LIN-06-085-50982, dated September 11, 2006, a copy of which is attached and incorporated hereto as Exhibit E. This I-485 Application was based upon an I-140 Petition filed by his employer.

29.    On or about January 27, 2007, Plaintiff-wife filed an I-485 Application as a derivative beneficiary.  *See* USCIS Form I-797C, Receipt Number LIN-06-085-51109, dated January 27, 2006, a copy of which is attached and incorporated hereto as Exhibit D

30.    Plaintiff-husband's I-485 Application was approved on September 11, 2006. *See* Exhibit E, Exhibit A.

31.    On August 18, 2008, Plaintiff—wife received a letter from USCIS stating that her I-485 Application had been withdrawn "pursuant to her request".  However, she had never requested the withdrawal of her I-485.  *See* Exhibit B, Letter from USCIS dated August 18, 2008, a copy of which is attached and incorporated hereto as Exhibit F.

32.    On October 16, 2008, USCIS confirmed that the withdrawal was a USCIS error, and that Plaintiff-wife's I-485 Application had been returned to pending status. *See* Exhibit A.

33.      On August 6, 2012, Plaintiff-husband filed an I-130 Petition for Alien Relative on behalf of Plaintiff-wife.  *See* USCIS Form I-797C, Receipt Number WAC-12-904-57032, dated August 6, 2012, a copy of which is attached and incorporated hereto as Exhibit C.

34.      On November 1, 2012, Plaintiff-husband became a naturalized U.S. citizen.  *See* Certificate of Naturalization, dated November 1, 2012, a copy of which is attached and incorporated hereto as Exhibit G. Upon the Plaintiff-husband's naturalization, the I-130 petition previously filed on behalf of his wife was automatically "upgraded" by operation of law to an "immediate relative" petition, meaning that the Plaintiff-wife was no longer subject to any numerical visa limitations or "priority date" delays.

35.      On May 22, 2013, Plaintiff-wife appeared for her I-485 interview at the USCIS Detroit Field Office.  She was told at the interview that her I-485 Application would be approved once the underlying I-130 Petition file was transferred to the Detroit Field Office. *See* Exhibit A.

36.      It has now been **over 580 days** since the I-485 interview at the Detroit Field Office. Plaintiffs have completed all steps required regarding these cases.  *See* Exhibit A, Exhibit B.

37.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications and I-130 Petitions).  Congress indicated that adjudication of such petitions and applications "should be completed not later than 180 days after the filing of the initial filing of the application...."   *See* 8 U.S.C. §1571(b).

38.      Based on the USCIS' own published processing times, the USCIS Detroit Field Office (where Plaintiff-wife's Application is pending) is adjudicating I-485 Applications submitted four months ago, yet has not adjudicated Plaintiff-wife's Application which was filed on or about January 27, 2007.  *See* Exhibit H.

39.      The Defendants have failed to process the Plaintiffs' I-130 Petition and I-485

Application within the timeframes expected by Congress, or within their own published standard processing times, to the detriment of the Plaintiffs.

**C.      USCIS and FBI Security Checks**

40.      Once any application for an immigration benefit is filed, the FBI conducts mandatory criminal and national security background checks before the adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit I.

41.      In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit I, page 2.

42.      The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.  Initial responses to the NNCP check are generally available within two (2) weeks.  In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.  *See* Exhibit I, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

43.      The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.  Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit J.

44.      On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs,

indicating that much of the backlog has been eliminated.   The Update indicated that by the end

of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days,

and will process the remaining two within three months.   *See* USCIS Update on FBI Name

Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit

K.

**E.     Exhaustion of Administrative Remedies**

45.     Plaintiffs' attorneys at Murthy Law Firm contacted the USCIS National Customer

Service Center ("NCSC") regarding the delay in the I-485 Application and I-130 Petition on or

about October 16, 2013; January 23, 2014; March 26, 2014; and September 16, 2014.  Plaintiffs

received notices from USCIS indicating that additional time would be needed to process

Plaintiff-wife's I-485 Application.  *See* Exhibit A; correspondence from the USCIS NCSC, a copy

of which is attached and incorporated hereto as Exhibit L.

46.     Plaintiff-wife attended an InfoPass appointment at the Detroit Field Office.   The

officer informed her that her security check was ongoing, and that the I-130 Petition had been

transferred to the NBC.  *See* Exhibit A.

47.     There are no further administrative remedies available to Plaintiffs to redress

their grievances described herein.

**VI.  CLAIMS FOR RELIEF**

**Count I**

**(Violation by DHS/USCIS of 5 U.S.C. §555(b))**

48.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

49.     Pursuant to the APA, a person adversely affected by agency action is entitled to

judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C.

§551(13).

50.     The APA requires agencies to conclude matters presented to them "within a

reasonable time." 5 U.S.C. §555(b).

51.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

52.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 Application and I-130 Petition, and to do so within a reasonable time.

53.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 Application and I-130 Petition. *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications and Petitions), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and Applications and Petitions) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

54.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Petition and Application, not the grant or denial of this filings.

55.     The INA indicates that a reasonable time period for USCIS to adjudicate applications for immigration benefits (which include I-130 Petitions and I-485 Applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Applications and I-130 Petitions, should be completed not later than 180 days after the initial filing of the application).

56.     Based on the USCIS' own published processing times, the USCIS Detroit Field Office (where Plaintiff-wife's Application are pending) is adjudicating I-485 Applications submitted four months ago, yet has not adjudicated Plaintiff-wife's Application which was filed on or about January 27, 2007. *See* Exhibit H.

57.     USCIS' delay in adjudication of Plaintiff-wife's I-485 Application and Plaintiff-husband's I-130 Petition of over **3,252 days and 869 days, respectively,** since the subject

case was filed is unreasonable and in violation of the APA.

58.     Plaintiffs have exhausted administrative remedies.

59.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485 Application and I-130 Petition have caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)**

60.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

61.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

62.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-130 petition and I-485 Application. *See, e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications),  and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

63.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Application and I-130 Petition within a reasonable time.

64.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Application and Petition, not the grant or denial of these filings.

65.     The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and Applications for Adjustment of Status is within 180 days of initial filing.   *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Applications, should be completed not later than 180 days after the initial filing of

14

the application).

66.     Based on the USCIS' own published processing times, the USCIS Detroit Field Office (where Plaintiffs' Applications are pending) is adjudicating I-485 Applications submitted four months ago, yet has not adjudicated Plaintiff-wife's Application which was filed on or about January 27, 2007.  *See* Exhibit H.

67.     Against these standards, DHS/USCIS have failed to adjudicate the subject Application and Petition within a reasonable period of time, considering that over **3,252 days** have passed since Plaintiff-wife filed her I-485 Application and that over **869 days** have passed since Plaintiff-husband filed his I-130 Petition.

68.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or any indication of when adjudication of these cases might be forthcoming.

69.     Plaintiffs ask the Court to compel DHS Secretary Jeh Johnson, USCIS Director Leon Rodriguez, USCIS National Benefits Center Director Robert Cowan and USCIS Detroit Field Office Director Michael Klinger to perform their duties and adjudicate Plaintiffs' I-485 Application and I-130 Petition.

70.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Application and I-130 Petition has caused, and is causing, Plaintiffs ongoing and substantial injury.

## Count III

## (Violation by DOJ/FBI of 5 U.S.C. §555(b))

71.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

72.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

73.     The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

74.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

75.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

76.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

77.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Application and I-130 Petition, not the grant or denial of these filings.

78.     Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over **3,252 days** have passed since Plaintiff-wife filed her I-485 Application and that over **869 days** have passed since Plaintiff-husband filed his I-130 Petition, which is far in excess of the average time it takes the FBI to complete a name check.

79.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Application and I-130 Petition is preventing adjudication by USCIS.

80.     Plaintiffs have exhausted their administrative remedies.

81.     The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Application and I-130 Petition have caused, and is causing, Plaintiffs ongoing and substantial injuries.

### Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

82.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

83.     Plaintiffs asserts a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

84.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Application and I-130 Petition. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

85.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Application and I-130 Petition within a reasonable time.

86.     Plaintiffs have a clear and certain right to have the NNCP name checks for the subject I-485 Application and I-130 Petition completed within a reasonable period of time.

87.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 Application and I-130 Petition, not the grant or denial of these cases.

88.     The FBI has failed to complete the NNCP name checks on the subject I-485 Application within a reasonable period of time, considering that over **3,252 days** have passed since Plaintiff-wife filed her I-485 Application and that over **869 days** have passed since Plaintiff-husband filed his I-130 Petition. These time periods are far in excess of the average time it takes the FBI to complete a Name Check.

89.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

90.     Plaintiffs ask this Court to compel Defendants Attorney General Eric Holder and FBI Director James B. Comey to complete the FBI National Name Check Program clearances on the subject I-485 Application and I-130 Petition, which is required for the USCIS to adjudicate this I-485 Application and I-130 Petition.

91.     The FBI's unreasonable and unlawful delay in completion of these NNCP name

17

checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

### VII. INJURIES TO PLAINTIFF

92.    The USCIS' unreasonable delay in adjudicating the subject I-485 Application and I-130 Petition is causing Plaintiffs substantial harm.  Plaintiffs' ability to travel abroad and work are restricted during the pendency of her application period.  Plaintiffs are unable to plan for the future.  *See* Exhibit A and Exhibit B.

93.    The USCIS' unreasonable delay is preventing Plaintiff-wife from obtaining LPR status in the United States.  This status would provide Plaintiff-wife with the following benefits: the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A and Exhibit B.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)     Declare that Defendants' delay in adjudicating Plaintiffs' I-485 Application and I-130 Petition (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)     Compel Defendant Secretary Jeh Johnson, Defendant Director Leon Rodriguez, Defendant Director Robert Cowan, and Defendant Director Michael Klinger to perform their duty to adjudicate Plaintiffs' I-485 Application and I-130 Petition;

(3)     Compel Defendant Attorney General Eric Holder and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-485 Application and I-130 Petition;

(4)     Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Application and I-130 Petition within fourteen (14) days of an Order of this Court;

(5)     Grant such other relief as this Court deems proper under the circumstances; and

(6)     Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 26th day of December 2014.

/S/ Aron A. Finkelstein
Aron A. Finkelstein, Esquire
U.S. District Court Bar # MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorneys for Plaintiffs